## Harman *vs.* Harman.

By the Mexican law, marriage lawfully contracted in the face of the Catholic church and between members thereof, cannot be dissolved by the civil tribunals. But the union of man and wife without the sanction of the church is regarded as a mere civil contract, and, as such, falls within the legitimate sphere of the ordinary jurisdiction of the court of First Instance.

APPEAL from the court of First Instance of the district of San Francisco. The action was brought by the wife against the husband for a divorce, on the ground of adultery, cruel treatment, &c., and a judgment of divorce and division of property was rendered by the court below, from which the defendant appeals.

*Mr. Holmes*, for plaintiff.

*Wilson Shannon*, for defendant.

*By the Court*, BENNETT, J. By the Mexican law, which follows the canon law in this particular, marriage lawfully contracted in the face of the Catholic church, according to its rites and ceremonies and between members thereof, and finally consummated, is elevated to the rank of a sacrament and cannot be dissolved by the civil tribunals. On the other hand, the union of a man and woman, in the character of husband and wife, without the sanction of the church, when both of them belong to the class of the *unfaithful*, is considered as a *mere civil contract; el matrimonio de los infieles se considera solo como un simple contrato. (Escriche Dic. de Leg. Art. "Matrimonio," "Divorcio.")*

There is nothing in this case showing that either of the parties belonged to the privileged class of the *faithful*, or that their nuptials were celebrated with the rites of the Catholic church. Their union, therefore, not having attained the sanctity of a sacrament,

should be regarded as a civil contract, and as such, like other contracts, it comes within the legitimate sphere of the ordinary jurisdiction of courts of First Instance.

The grounds for a dissolution of the contract between the parties to this suit, and for a division of the property jointly acquired by them, have been submitted to, and passed upon by, the court of First Instance and a jury, and we cannot say that they have gone astray in their conclusion.

Judgment affirmed with costs.